557 So.2d 274 (1990)
A.B. MISKELL
v.
Anthony CIERVO, Jr. et al.
No. 89-CA-0307.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
Edward R. Drury, Jefferson, for plaintiff-appellant A.B. Miskell.
Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, Paul B. Deal, New Orleans, for defendants-appellees Anthony Ciervo, Jr., et al.
Before KLEES, WARD and ARMSTRONG, JJ.
KLEES, Judge.
The plaintiff, A.B. Miskell, appeals a judgment in favor of Allan M. Katz and A. Thomas Westall, Jr. which maintained an Exception of No Cause of Action on a claim of defamation. The primary issue is whether comments made in judicial proceedings may be actionable as defamatory when they imply that the plaintiff may be liable for insurance fraud by filing a claim. A lesser issue raised by appellant is whether the sustaining of an exception of no cause of action is applicable to a defendant who only filed an Exception of Prematurity.
The present action arises out of the initial suit brought by Miskell for damages he *275 sustained when his insurance company, Mount Vernon Fire Insurance Co., refused to honor a claim (Civil suit No. 78-17258, entitled "A.B. Miskell v. Mt. Vernon Fire Insurance Co."Civil District Court, Parish of Orleans). In that action, Miskell testified that he had purchased collision and comprehensive insurance coverage for his automobile in September, 1977. In December of 1977 Miskell alleged that the insured vehicle caught fire and was totally destroyed. At that time he made a claim with his insurer for the damages. The claims representative, Mr. Anthony Ciervo, Jr., informed Miskell that there was no insurance coverage in effect on Miskell's car, and that an attempt to file such a claim constituted insurance fraud.
Miskell filed the initial suit in November, 1978. Named as defendants in that action were Mr. Ciervo and Mt. Vernon Fire Insurance Company. Both defendants were represented by Allan Katz and A. Thomas Westall, Jr. Judgment was rendered on November 10, 1987 that coverage was in force on the date of the fire.
Trial on the damage issue began on May 10, 1988 and concluded the next day when a settlement favorable to the plaintiff was reached.
The suit alleging defamation was filed on February 22, 1988, prior to the trial date on the damage issue. Exceptions of Prematurity and No Cause of Action was filed on behalf of the defendants, Katz and Westall. Mt. Vernon filed an Exception of Prematurity. The exceptions came for hearing on May 27, 1988. As the damage claim had been settled prior to the hearing, all parties stipulated that the question of prematurity was moot. The trial court rendered judgment sustaining the exception of No Cause of Action as to all parties.
As this court stated in Jacobs v. O'Bannon, 472 So.2d 180 (La.App. 4th Cir. 1985) and 531 So.2d 562 (La.App. 4th Cir. 1988), a defamation action is barred by the principle of qualified privilege in favor of attorneys regarding the pleadings and briefs which they file. The reasoning for such a holding has not altered: to allow any defamation action based upon potentially offensive, albeit justifiable, statements would serve to invite a flood of litigation. Any such statement, whether proven or not, would become actionable. Comment I to Rule 1.3 of the American Bar Association Model Rules of Professional Conduct states that "[A] lawyer should act with commitment and dedication to the interest of the client and with zeal in advocacy upon the client's behalf." (emphasis added). If an attorney is afraid of the consequences which may flow from using possibly offensive statements, he can no longer represent his client with the "zeal" called for in the Model Rules.
However, this does not give the attorney free rein to make outlandish and unwarranted statements. The Louisiana Supreme Court has outlined criteria to be used when judging whether a statement is, indeed, defamatory. One such criterion is the falsity of the statement. Cangelosi v. Schwegmann Brothers Giant Super Markets, Inc., 390 So.2d 196 (La.1980). Furthermore, the Supreme Court held that "an attorney in Louisiana cannot make disparaging statements, either in pleadings, briefs or arguments, if the defamatory statements are not pertinent to the case or are made maliciously or without reasonable basis." Freeman v. Cooper, 414 So.2d 355, 359 (La.1982).
In the present action, the defendants did believe that the plaintiff was attempting to defraud his insurance company. This is clearly established by defendant's First Supplemental and Amended Answer filed on behalf of Mt. Vernon Insurance Co. This supplemental answer brought forth the supposition that the fire to the automobile may have occurred prior to the plaintiff's payment to reinstate the insurance coverage.
These statements made during the course of adjudication were not false per se. The claim of fraud was based upon information obtained from the file held by the insurance company regarding Miskell. Additionally, we do not find that such statements were made maliciously or without a reasonable basis. On the contrary, based upon information contained in the file, such statements were reasonable and pertinent to prove the litigation at hand. To disallow defense counsel from using *276 such statements would serve only to reduce the effectiveness of the representation afforded to the client.
The question now arises as to whether the defendant insurance company may be released from the defamation action based solely upon an Exception of Prematurity when the prematurity issue has been rendered moot via stipulation by all parties. Defendants Katz and Westall represented Mt. Vernon Insurance Co. in the original suit. It follows that if the attorneys of a client may not be held liable for defamation, the client which hired them also will not be liable. The attorney is only the apparatus through which a client may voice his or her opinion in court; the client furnishes information to the attorney to be used as the basis for any complaint or defense. Furthermore, the client has the final say about what will or will not be used at trial.
Accordingly, we find that Katz and Westall did not defame Miskell by pursuing a defense of fraud. Such a defense was reasonable and pertinent to the factual situation. Since the defense of fraud meets the Freeman and Jacobs tests, all defendants enjoy the tenets of qualified privilege.
Accordingly we affirm the trial court's ruling maintaining the Exception of No Cause of Action. Costs of this appeal to be borne by plaintiff.
AFFIRMED.