627 So.2d 223 (1993)
Lee VINTI
v.
Robert L. DIAZ, Jr., Yolande Simon Diaz, Titan Indemnity Company and Doug Ruedlinger, Inc.
No. 93-C-2056.
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 1993.
*224 Thomas P. Anzelmo, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, for relator.
James L. Donovan, Jr., Donovan and Lawler, Metairie, for respondent/Allstate Ins. Co.
Before SCHOTT, C.J., and KLEES and LOBRANO, JJ.
SCHOTT, Chief Judge.
On the application of Town of Abita Springs and Titan Indemnity Company we grant certiorari in order to consider the validity of the judgment of the trial court overruling relators' declinatory exceptions.
Plaintiff, a resident of St. Tammany Parish, filed this suit in Civil District Court for damages sustained when he fell in a hole in a baseball field in Abita Springs. Made defendants were the owners of the field who are New Orleans residents and Allstate Insurance Company, the insurer of the coach of the team which was on the field when the accident happened. The Town of Abita allegedly assumed responsibility for the maintenance of the field. The owners of the field and Allstate filed a third party demand against the Town and its liability insurer, Titan Indemnity Company. They responded with the declinatory exception of improper venue.
An exception of improper venue may not be urged by a defendant in an incidental action if the principal action has been instituted in the proper venue. C.C.P. art. 1034. This would support the judgment of the trial court except for R.S. 13:5104(B) which requires that a suit against a political subdivision be filed in the district court where the subdivision is located or where the cause of action arises. This statute applies to a third party demand against a political subdivision as in this case. Cohen v. Landry, 548 So.2d 115 (La.App. 4th Cir.1989). Thus, the trial court erred in overruling the Town's exception.
As to Titan, venue is regulated by R.S. 22:655(B) which provides for venue in the parish where the injury occurred or in the parish where the action could be brought against the insured or the insurer under the general rules of venue. None of these applies to Orleans Parish. To the extent that there may be a conflict between C.C.P. art. 1034 and R.S. 22:655 the latter as a specific statute of the Insurance Code prevails over the former which is a general rule of procedure.
We note that a separate suit has been filed by the plaintiffs against relators in St. Tammany Parish.
Accordingly, the judgment of the trial court is reversed and set aside, and there is judgment in favor of Town of Abita Springs and Titan Indemnity Company and against third party plaintiffs dismissing their third party demands at their cost.
REVERSED AND RENDERED.