J2GONZALES, Judge.
In this case, Merrick Construction Company, Inc. (Merrick) challenges a trial court judgment (1) dismissing its claims against the Louisiana Department of Environmental Quality (DEQ) pursuant to DEQ’s peremptory exception of no cause of action, and (2) transferring this case to the Fourth Judicial District Court pursuant to declinatory exceptions of improper venue filed by the Ouachita Parish Police Jury (Police Jury) and Gibson Recycling, Inc. (Gibson). Review of the grant of DEQ’s exception of no cause of action is before this court on appeal (97 CA 0110), and review of the grant of the Police Jury’s and Gibson’s exceptions of improper venue is before this court on supervisory writs (96 CW 2322).
This case involves a dispute over the Police Jury’s award of a contract to Gibson for the remediation of waste tires in Ouachita Parish.[2] Merrick is an unsuccessful bidder who filed suit seeking to have (1) the “award, execution, funding, and performance” of the proposed contract declared illegal, and (2) the mobile processor authorization certificate issued by DEQ to Gibson voided.
This court concludes that Merrick’s attack on the contract between the Police Jury and Gibson is fundamentally based on its concurrent attack on the validity of the DEQ regulations, which allow a processor to remediate waste tires with a mobile processor authorization certificate, rather than requiring the processor to obtain a standard permit. See LAC 33:VII.10501 et seq. Because Merrick has not followed the proper statutory procedure to challenge DEQ’s waste tire regulations, specifically the procedure provided in La. R.S. 49:963,[3] a section of the Louisiana Administrative Procedure Act, we find that |3the trial court reached the correct result in granting DEQ’s peremptory exception of no cause of action.[4] See Liberty *239 Mutual Insurance Company v. Louisiana Insurance Rating Commission, 96-0793 (La.App. 1st Cir. 2/14/97), 696 So.2d 1021;[5] Bueto v. Video Gaming Division, Office of State Police, Department of Public Safety, 94-0334 (La.App. 1st Cir. 3/4/94), 637 So.2d 544, 546; Louisiana Chemical Association v. Department of Environmental Quality, 577 So.2d 230, 233 (La.App. 1st Cir.1991).
Regarding the venue issue, we conclude that the trial court properly transferred this case to the Fourth Judicial District Court. Louisiana Revised Statute 13:5104(B) Lprovides that all suits filed against a political subdivision[6] of the state shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
The venue of La. R.S. 13:5104(B) for suits against political subdivisions is mandatory. Because the Police Jury is domiciled in Ouachita Parish, the only other possible venue is the district court for the parish in which the “cause” arises. The “cause” of Section 5104(B) is not synonymous with “cause of action.” “Cause” is a narrower concept, roughly analogous to a theory of recovery. Sono-Topes, Inc. v. Franklin Parish Hospital Service District # 1, 28,355 (La.App.2d Cir. 2/28/96), 669 So.2d 612, 614. “Cause” is the principle upon which a specific demand is grounded, while “cause of action” embraces the cause and the demand and is related to the party making the demand. Sono-Topes, Inc. v. Franklin Parish Hospital Service District # 1, 669 So.2d at 614.
In this ease, the principle upon which this action is grounded or the “cause” is the alleged error of the Police Jury in awarding the tire remediation contract to Gibson and its failure to award, the contract to Merrick. This conduct by the Police Jury occurred in Ouachita Parish. The trial court was not in error in transferring this case to the Fourth Judicial District Court.
DECREE
The judgment of the trial court is AFFIRMED. The writ filed by Merrick is DENIED. Costs are assessed to Merrick.
PARRO, J., concurs.

. In 1989, the Louisiana legislature enacted the Solid Waste Recycling and Reduction Law.1989 La. Acts No. 185, § 1. One of the programs implemented by the act is a solid waste tire recycling and reduction program administered by DEQ. See La. R.S. 30:2418.

. Louisiana Revised Statute 49:963 provides:
§ 963. Judicial review of validity or applicability of rules
A. (1) The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the parish in which the agency is located.
(2) The agency shall be made a party to the action.
B. (1) If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional-evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court.
(2) The agency may modify its findings,and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
C. The court shall declare the rule invalid or inapplicable if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with required rulemak-ing procedures.
D. An action for a declaratory judgment under this Section may be brought only after the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question and only upon a showing that review of the validity and applicability of the rule in conjunction with review of a final agency decision in a contested adjudicated case would not provide an adequate remedy and would inflict irreparable injury.
Louisiana Revised Statute 49:963 was amended by 1997 La. Acts No. 1043, § 1 to enact Section E, which reads:
E. Upon a determination by the court that any statement, guide, requirement, circular, directive, explanation, interpretation, guideline, or similar measure constitutes a rule as defined by R.S. 49:951(6) and that such measure has not been properly adopted and promulgated pursuant to this Chapter, the court shall declare the measure invalid and inapplicable. It shall not be necessary that all administrative remedies be exhausted.
We express no opinion regarding the applicability of this amendment to the present case.

.An exception of no cause of action is to be determined on the face of the pleadings and any attached documents, and for the purposes of determining the exception, all well-pleaded facts *239 must be accepted as true. Prudential Insurance Company of America v. CC & F Baton Rouge Development Company, 93-2074 (La.App. 1st Cir. 10/7/94), 647 So.2d 1131, 1137. However, it is insufficient for the petition to simply state factual conclusions without setting forth the facts that support the conclusions; consequently, any allegations which are no more than factual conclusions shall be disregarded. Kahn v. Jones, 95-259 (La.App. 3d Cir. 11/2/95), 664 So.2d 700, 704-705. Therefore, the trial court correctly disregarded the factual conclusions in Merrick’s petition, e.g. "Gibson is not validly licensed by DEQ ...” (Petition, para.7); "Gibson has been illegally issued a permit called a ‘Mobile Processor Authorization Certificate’ by DEQ (Petition, para.9);” "DEQ issued the 'Mobile Processor Authorization Certificate’ to Gibson illegally because Gibson does not meet, and Gibson and DEQ have not complied with, the statutory and regulatory minimum requirements for the issuance of a permit to Gibson to process waste tires.” (Petition, para. 11).

. An application for writs of certiorari and/or review filed on August 4, 1997 by Liberty Mutual Insurance Company is pending before the Louisiana Supreme Court, 97-C-2069 (La.8/4/97).

. For purposes of La. R.S. 13:5104, a "political subdivision” is defined in La. R.S. 13:5102 as "any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency.” A police juiy is the governing body of a parish, and thus, falls within this definition of "political subdivision.”