bPER CURIAM.
This matter is before us on an application for supervisory writs wherein the St. Tammany Parish Police Jury seeks review of the trial court’s judgment denying its declinatory exception of improper venue.
FACTS AND PROCEDURAL HISTORY
Clovis Hendry Industries, Inc., (hereafter referred to as “CHI”) contracted with the St. Tammany Parish Police Jury to perform some needed repairs to the St. Tammany Parish Library in Slidell, Louisiana. Under this contract, CHI, a Louisiana corporation domiciled in West Baton Rouge Parish, obligated itself, as general contractor, to perform said repairs. CHI, in turn, subcontracted this job to plaintiff, Service Master Action Cleaning (hereafter referred to as “SMAC”), a Louisiana corporation with its principal place of business in Jefferson Parish.
Upon completion of the repairs, SMAC, the subcontractor, sought payment from CHI, the general contractor, who in turn unsuccessfully sought payment from relator.[1] In an attempt to recover the expenses involved in performing said repairs, SMAC filed suit in West Baton Rouge Parish, naming as defendant, CHI, the general contractor.[2] CHI followed by instituting a third party demand against relator which responded with a declinatory exception of improper venue.[3] After a hearing on the matter, the Court rendered oral judgment denying the exception. Relator now seeks reversal of this ruling.
DISCUSSION
The trial court denied relator’s dec-linatory exception of improper venue, finding that venue was proper as to CHI, the original defendant, in West Baton Rouge Parish. The court reasoned that proper venue as to the original defendant ^controls the venue of the third party demand.[4] Relator challenges this position on the grounds that the trial court erred in failing to apply. LSA-R.S. 13:5104(B) which, according to relator, supercedes the general venue provisions enumerated in the Code of Civil Procedure. LSA-R.S. 13:5104(B) provides:
Ml suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises. (Emphasis added).
*266 Relator contends application of LSA-R.S. 13:5104(B) dictates that venue, in this instance, would only be proper in St. Tammany Parish, because it is both the parish where “the political subdivision is located” and where “the cause of action arises.”
Relator cites Vinti v. Diaz, 627 So.2d 223 (La.App. 4th Cir.11/18/93), for the proposition that venue of a third party, political subdivision defendant is controlled by LSA-R.S. 13:5104 and not the venue of the original defendant. In Vinti, the plaintiff fell and sustained injuries at a baseball field located in the Town of Abita Springs. To recover damages, plaintiff filed suit in Orleans Parish against the owners and insurer of the baseball field. The original defendants brought a third party demand against the Town of Abita Springs who allegedly assumed responsibility for the maintenance of the field and its liability insurer. They responded with a declinatory exception of improper venue. In resolving the 1 ¿contest between La.Code CivJP. art. 1034 and LSA-R.S. 13:5104(B), the court held in the absence of LSA-R.S. 13:5104(B), La .Code Civ.P. art 1034 would have been controlling. In reversing the trial court’s judgment overruling the exception of the Town of Abita Springs, the Vinti court stated that LSA-R.S. 13:5104(B) “applies to a third party demand against a political subdivision.” Vinti, 627 So.2d at 224.
The suit at issue herein clearly falls within the mandatory provisions of LSA-R.S. 13:5104(B) as CHI seeks damages on a contract with the St. Tammany Parish Police Jury, a political subdivision. Because the language of LSA-R.S. 13:5104(B) is specific to this action and is couched in mandatory language, it, not the general venue provisions, appears to govern this case.
Having determined that LSA-R.S. 13:5104(B) is the controlling venue provision, attention is now directed to determining where venue is proper. The parties do not dispute the fact that St. Tammany Parish is where “the political subdivision is located.” They differ, however, as to “the parish in which the cause of action arises.” Relator alleges that the cause of action arises in St. Tammany Parish as this is the sitis for the repairs.[5] Plaintiff, on the other hand, alleges the cause of action arises in West Baton Rouge Parish due to the fact that approximately 70% of CHI’s work was performed in West Baton Rouge Parish.[6] This court has previously provided a framework for resolving such differences:
The “cause” Section of [13:]5104(B) is not synonomous with “cause of action.” “Cause” is a narrower concept, roughly analogous to a theory of recovery. “Cause” is the principle upon which a specific demand is grounded, while “cause of action” embraces the cause and the | f,demand as is related to the party making the demand. (Citations Omitted) (Emphasis added).
Although not involving the State or its political subdivisions in the capacity of a third party defendant, Merrick Const. Co., Inc. v. State, 97-0110 (La.App. 1st Cir.9/19/97), 700 So.2d 236, serves as a useful point of reference in determining “the parish in which the cause of action *267 arises.” In Merrick, the plaintiff, an unsuccessful bidder on a contract, filed suit in East Baton Rouge Parish, against the State, through the Department of Environmental Quality, as well as the successful bidder. In resolving the question of where the cause of action arose, this court found the “cause” of the dispute to be the Police Juries’ failure to award the contract to plaintiff. Since this conduct occurred in Quachita Parish, this court held the trial court had properly transferred the case there.
More recently, in Brian L. Heard General Contractor, Inc. v. Ward Two Water Dist. of Livingston Parish, 97-0653 (La. App. 1st Cir.4/8/98), 708 So.2d 843), this court was again challenged with determining “the parish in which the cause of action arises.” The suit, filed in East Baton Rouge Parish, involved a contractual dispute. The defendant filed an exception of improper venue, alleging that Livingston Parish was the proper venue for the suit. The parties stipulated the first possible venue, pursuant to LSA-R.S. 13:5104(B), was defendant’s domicile, Livingston Parish. In determining the parish where the cause of action arose, this court reasoned as follows:
The parties stipulated that all of the actual construction work on the contract took place in Livingston Parish. The record also indicates that all of the right of ways, which the Water District was to obtain were located in Livingston Parish and all the omitted intermittent waterways were located in Livingston Parish. Accordingly the cause arose in Livingston Parish. We find no error in the trial court’s original determination that the appropriate venue in this case is Livingston Parish.
The particular facts of this case, in concert with the controlling jurisprudence establish that the plaintiffs demands against the original defendant do not control the venue of the third party demand. The facts establish that the [^principle upon which this action is grounded or the “cause” is the failure of relator to remit payment for the repairs performed to the St. Tammany Parish Library. The performance of this obligation was the “cause” for which both defendants bound themselves. In application, LSA-R.S. 13:5104(B) supports relators position that St. Tammany Parish is both the parish where “the political subdivision is located” and the “parish in which the cause of action arises.”

Forum Non Conviens

Relator alternatively argues it is appropriate to transfer this matter to St. Tammany Parish based on the principal of forum non conveniens. As support relator notes the considerations enumerated by this court in Symeonides v. Cosmar Compania Naviera, 433 So.2d 281, 284 (La.App. 1st Cir.5/17/83), writ denied, 440 So.2d 731 (La.10/17/83). They are:
1) Relative ease of access to sources of proof;
2) Availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses;
3) Possibility of view of premises;
4) Enforceability of judgment;
5) Other practical problems or considerations.
Placing particular emphasis on the “possibility of view of premises”, relator notes that St. Tammany Parish serves as the domicile of the third party defendant, as well the physical location of the library and the site of the repairs which are the stimulus for this writ.
The preceding discussion pretermits further analysis of this position, except to note that it appears meritorious.
CONCLUSION
Louisiana jurisprudence requires courts to strictly construe the exceptions to the general rules of venue, noting that the party claiming the benefit of the |7exception must bring itself clearly within *268 the exception. Travis v. Waste Management of Mississippi, Inc., 509 So.2d 192, 193-194 (La.App. 1st Cir.6/23/87). For the foregoing reasons, it appears relator has satisfied this requirement. The venue of LSA-R.S. 13:5104(B) for suits against political subdivisions is mandatory. Merrick Const. Co., Inc. v. State, 97-0110 (La.App. 1st Cir.9/19/97), 700 So.2d 236, 239. As such, it appears LSA-R.S 13:5104(B) must be applied in this instance. The trial court’s ruling denying relator’s declinatory exception of improper venue is hereby reversed and the exception is granted. In accordance with this ruling, the Clerk of Court for the parish of West Baton Rouge is ordered to transfer the record in these proceedings to the Clerk of Court for the parish of St. Tammany.
WRIT GRANTED WITH ORDER.

. Relator asserts that it refused payment upon the urging of the architect for the project.

. By letter dated October 29, 1998, this court was notified that the claims between SMAC and CHI have been settled.

. The petition also named as defendants, the insurer, XYZ Insurance Company and the architectural firm responsible for the building design, Fauntleroy and Latham, Inc.

. The court provided the following oral reasons:
The problem is: once venue is good as to one defendant, a third-party defendant is welcome aboard for the ride, that's my understanding.
Although not affirmatively stated, it is assumed that the trial court relied upon the following provisions of La.Code Civ.P. art. 1034:
A defendant in an incidental action may plead any of the exceptions available to a defendant in a principal action, and may raise any of the objections enumerated in Articles 925 through 927, except that an objection of improper venue may not be urged, if the principal action has been instituted in the proper venue. Exceptions pleaded by the defendant in an incidental action shall be subject to all of the provisions of Articles 924 through 934.
A party to an incidental action may plead any of the written motions available to a party to a principal action, subject to the provisions of Articles 961 through 969. (Emphasis added).

. The transcript of the hearing on the exception captures the following words spoken by relator’s attorney:
... the case is about a roof that they fabricated on-site. They didn’t, you know, build the roof and bring it over. They literally put pieces of sheet metal together and did everything else that was necessary to construct the roof. (Emphasis added).

. The opposition brief states:
Clovis Hendry was required to fabricate the roof system and install it. The bulk of the work involved fabrication was done in West Baton Rouge Parish. The only work actually performed in St. Tammany Parish was installing the roof which amounted to about 22% of the contract and the carpet cleaning which was less than 1% of the overall contract price.
In the opinion of this panel, the absence of support for this contention undermines the strength of it.