JUDE G. GRAVOIS, Judge.
 

 | gPlalntiff, Sheri Newcomer, appeals the trial court judgment granting defendant, Jeffrey Bennett’s, exception of no cause of action. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 Plaintiff was represented by attorney Lawrence Wiedemann in a personal injury action. This representation took place while Mr. Wiedemann was married to Irene
 
 Wiedemann
 

 [1]
 

 .
 
 Defendant represented Irene Wiedemann in her divorce from Mr. Wiedemann.
 

 On October 23, 2007, plaintiff filed suit against defendant alleging that the defendant repeatedly alleged that plaintiff had an adulterous relationship with Mr. Wiede-mann during his representation of her. Plaintiff further alleged that statements of the adulterous conduct continued to be made after defendant’s receipt of plaintiffs affidavit denying the adulterous relationship.
 

 IsDefendant filed exceptions of vagueness and no cause of action on December 14, 2007. However, before the exception was heard, on March 31, 2008, plaintiff filed an amended petition alleging that defendant knowingly made statements of the adulterous relationship with Mr. Wiede-mann, which by their nature were designed to injure her reputation, and that in doing so, defendant waived any privilege with regard to these statements because he knew they were false. This amended petition goes on to allege that at the time defendant answered interrogatories on behalf of his client Irene Wiedemann, stating that plaintiff had “affairs with Mr. Wiede-mann,” defendant had been suspended from practicing law thus did not enjoy any type of immunity with regard to these statements.
 

 On May 13, 2008, the trial court granted defendant’s exception of no cause of action, giving plaintiff fifteen days to amend her petition. On May 22, 2008, plaintiff filed a document entitled “Amended Suit For Damages” alleging that defendant falsely accused plaintiff of an adulterous relationship with Mr. Wiedemann, defendant waived any qualified attorney privilege due
 
 *860
 
 to his knowledge that the statements were false, and that the defamatory statements of adultery by plaintiff were made on the public record. On May 23, 2008, plaintiff filed a document entitled “Second Supplemental Suit For Damages” alleging defendant was ineligible to practice law in Louisiana and did not enjoy immunity during the time he answered interrogatories on behalf of Irene Wiedemann stating plaintiff had “affairs with Mr. Wiedemann.” Defendant filed a motion to re-urge his exceptions of vagueness and no cause of action. The exception of no cause of action was granted on August 18, 2008. Plaintiff filed a timely devolutive appeal from this judgment.
 

 J¿LAW AND DISCUSSION
 

 On appeal, plaintiff argues that an attorney ineligible to practice law has no immunity to defamatory statements in pleadings. In the alternative, plaintiff argues that in order for the privilege to apply, the statement must be material, made with probable cause, and without malice. Plaintiff contends that probable cause for making a non-liable defamatory statement in pleadings entails an honest belief in the truth of the defamatory statements and an investigation into the accuracy. Plaintiff further argues actual malice is not necessary to sustain an action for libel.
 

 Defendant responds that the judgment of the trial court should be affirmed because statements made during litigation are afforded a qualified privilege, plaintiff’s petition must allege facts to show malice outside of the context of the divorce proceeding, and the plaintiff’s suit for damages fails to allege any facts showing malice.
 

 A peremptory exception of no cause of action tests the legal sufficiency of the plaintiff’s petition by determining whether the law affords a remedy on the facts alleged in the petition.
 
 Donnaud’s Inc. v. Gulf Coast Bank and Trust Co.,
 
 03—427 (La.App. 5 Cir. 9/16/03), 858 So.2d 4, 6,
 
 writ denied,
 
 03-2862 (La.1/9/04), 862 So.2d 985. In deciding whether a petition states a cause of action, the court must accept well-pleaded allegations of fact as true without reference to any extraneous supporting or controverting evidence.
 
 Montalvo v. Sondes,
 
 93-2813 (La.5/23/94), 637 So.2d 127, 131. The issue to be determined is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.
 
 Id.
 
 A cause of action is not set forth by the mere conclusions of the pleader that are unsupported by facts.
 
 Arledge v. Hendricks,
 
 30,588 (La.App.2d Cir.6/26/98), 715 So.2d 135, 138.
 

 When the trial court grants an exception of no cause of action, the appellate court reviews the matter
 
 de novo,
 
 because the exception raises a question of law Land the lower court’s decision is based only on the sufficiency of the plaintiffs petition.
 
 August v. Grand Lake Construction,
 
 02-632 (La.App. 5 Cir. 12/30/02), 837 So.2d 78, 81.
 

 Defamation is a tort which involves the invasion of a person’s interest in his reputation and good name.
 
 Huxen v. Villasenor,
 
 01-288 (La.App. 5 Cir. 9/25/01), 798 So.2d 209, 212. To maintain an action for defamation, the plaintiff must prove four elements: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault (negligence or greater) on the part of the publisher; and 4) resulting injury.
 
 Singleton v. St. Charles Parish,
 
 02-590 (La.App. 5 Cir. 11/26/02), 833 So.2d 486, 496,
 
 writ denied,
 
 02-3234 (La.3/14/03), 839 So.2d 44. The plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused the plaintiff damages.
 
 Id.
 
 If even one of the required
 
 *861
 
 elements of the tort of defamation is lacking, the cause of action fails.
 
 Costello v. Hardy,
 
 03-1146 (La.1/21/04), 864 So.2d 129, 140.
 

 As explained in
 
 Miskell v. Ciervo,
 
 557 So.2d 274 (La.App. 4 Cir.1990) a defamation action is barred by a qualified privilege in favor of attorneys regarding the pleadings and briefs which they file. The court went on to state:
 

 The reasoning for such a holding has not altered: to allow any defamation action based upon potentially offensive, albeit justifiable, statements would serve to invite a flood of litigation. Any such statement, whether proven or not, would become actionable. Comment I to Rule 1.3 of the American Bar Association Model Rules of Professional Conduct states that “[A] lawyer should act with commitment and dedication to the interest of the client and with
 
 zeal in advocacy upon the client’s behalf.”
 
 If an attorney is afraid of the consequences which may flow from using possibly offensive statements, he can no longer represent his client with the “zeal” called for in the Model Rules, (emphasis in original).
 

 Id.
 
 at 275.
 

 lr,This privilege does not give the attorney freedom to make outlandish and superfluous statements. The jurisprudence has outlined criteria to be used when deciding whether a statement is defamatory. The falseness of the statement is one such criterion.
 
 Cangelosi v. Schwegmann Brothers Giant Super Markets, Inc.,
 
 390 So.2d 196 (La.1980). Furthermore, the Supreme Court held that “an attorney in Louisiana cannot make disparaging statements, either in pleadings, briefs or arguments, if the defamatory statements are not pertinent to the case or are made maliciously or without reasonable basis.”
 
 Freeman v. Cooper,
 
 414 So.2d 355, 359 (La.1982).
 

 In the case before us, the petition alleges that the defendant “repeatedly alleged in Court filings, Court arguments, Court conferences, and correspondence” that plaintiff had an adulterous relationship with Lawrence Wiedemann. The amended petition filed March 31, 2008 states that these statements were made in answers to interrogatories on behalf of Irene Wiedemann. The amended petition filed on May 22, 2008 states that the defendant “made the defamatory statements of adultery by Plaintiff on the public record.” The second supplemental petition filed on May 23, 2008 states the defendant made these statements when answering interrogatories on behalf of Irene Wiedemann. A plaintiff alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant.
 
 Fitzgerald v. Tucker,
 
 98-2313 (La.6/29/99), 737 So.2d 706, 713. Thus, a review of the four petitions filed by plaintiff indicate the only specific allegation of publication of these statements is in an answer to interrogatories on behalf of his client in a divorce proceeding.
 
 [2]
 
 The statement that plaintiff had an adulterous relationship with Mr. |7Wiedemann was certainly relevant to the issue of fault in the Wiedemann divorce and the statement was
 
 *862
 
 made upon the belief by defendant’s client that such a relationship took place. Although the petitions allege the statements regarding the adulterous relationship were made with malice towards the plaintiff, these are merely conclusionary statements on the part of the plaintiff, and as such do not support a cause of action for defamation. There is nothing in any of the petitions to indicate the statement made by defendant in the answer to interrogatories on behalf of Irene Wiedemann that an adulterous affair existed between plaintiff and Mr. Wiedemann were made with malice towards the plaintiff.
 

 CONCLUSION
 

 We have carefully reviewed the original and amended petitions. Accepting the well-pleaded factual allegations as true, we find that the plaintiff has failed to state a valid cause of action against the defendant for defamation. Accordingly, we conclude that the facts alleged by the plaintiff do not state a cause of action for defamation, and the trial court correctly granted defendant’s exception of no cause of action. All costs of this appeal are to be paid by the appellant.
 

 AFFIRMED.
 

 [1]
 

 . Irene Wiedemann was named as a party to the lawsuit. She is not, however, a party to this appeal.
 

 [2]
 

 . While plaintiff urges this court to find defendant had no qualified immunity during the time he answered the interrogatories due to his being suspended from the practice of law for failure to pay his bar dues, we decline to make such a finding based on the facts in this case. The only specific allegation with regard to publication of the adulterous affair is in the answers to interrogatories. For the purposes of the qualified immunity, at the time the interrogatories were answered, defendant was acting as an attorney to his client regardless of whether his license was suspended.