GRAVOIS, J. | ¶ Defendant/appellant, Dr. Tarun Jolly, appeals a default judgment rendered against him on October 5, 2016 in favor of plaintiff/appellee,. Willie Evans.[1] For the following reasons, we vacate .the default judgment and remand the matter for further proceedings. FACTS AND PROCEDURAL HISTORY On August 6, 2015, Mr. Evans filed a petition for damages against Dr. Jolly for medical malpractice and defamation. The petition alleged that Mr. Evans was injured on or about September 25, 2011 as a result of a trip and fall accident he was involved in while working for ADM Grain Elevator (“ADM”). As a result of said injury, ADM sent Mr. Evans to Dr. Jolly for treatment and pain management. According to the petition, “[o]n February 6, 2013, Dr. Jolly alleged that [Mr.] Evans failed a drug test as being positive for cocaine in his urine.’’ The petition also alleged that Dr. Jolíy “committed medical. malpractice by failing to realize [Mr.] Evans never took said drug test as evidenced by there being no paperwork ordering a drug test at [Dr. Jolly’s clinic] that was signed by [Mr.] Evans.”[2] The petition further alleged that “a second urine .test was taken on April 8, 2013 which [Mr.].Evans'did sign a consent form,” after which Dr. Jolly “sent falsified results of the [u]rine test-showing cocaine” to ADM, and as a result thereof, Mr. Evans was terminated .from employment by ADM on April 22, 2013. Finally, the petition alleged that Dr. Jolly is hable to Mr. Evans for slander and defamation of character for damaging his reputation and character and for causing him to lose his job. |2On September 14,' 2016, Mr; Evans filed a motion for a preliminary default, asserting therein that Dr. Jolly had been served with a copy of the petition for damages on August 20, 2015 and had failed to file an answer thereto within the time required by law. The trial court granted the motion for a preliminary default that same day. A default confirmation hearing was held on October 5, 2016, Following the confirmation hearing, the trial court rendered judgment in favor of Mr. Evans an.d against Dr. Jolly for “mental anguish, pain and suffering in the amount of $20,000,00, together with court costs and legal interests [sic] from the date of judicial demand for the reasons given at the trial on the merits.”[3] On December 16, 2016, Dr. Jolly filed a motion for a new trial and to set aside the default judgment. In his motion, Dr. Jolly claimed that he was never personally served with the citation and thus all proceedings in this action were absolutely null.' He further argued that a new trial was warranted because Mr. Evans had failed to present sufficient evidence at the confirmation hearing to establish a prima facie case. A hearing was conducted on the motion on January 23, 2017; at the end of the hearing, the trial court denied the motion. A written judgment to that effect was signed on January 25, 2017. This timely appeal followed.[4] On appeal, Dr. Jolly argues that the default judgment was based on insufficient/inadmissible evidence and that he was never served with the petition for damages, thus rendering the default judgment absolutely null.[5] [«ASSIGNMENTS OF ERROR NOS, ONE, TWO, AND THREE In his first assignment of error, Dr. Jolly argues that the evidence presented was insufficient to prove the essential elements of Mr. Evans’ alleged defamation claim, asserting that the default judgment was based solely on Mr. Evans’ uncorroborated, self-serving testimony, which was inadequate to establish a prima facie case for defamation. In his second assignment of error, Dr. Jolly argues that the only evidence offered at the confirmation hearing to prove that he made any false claims about Mr. Evans and that the claims were communicated to a third party was based on inadmissible hearsay and was not corroborated with evidence admitted on the record. Finally, in his third assignment of error, Dr. Jolly argues that Mr. Evans failed to offer any evidence of malice or fault on Dr. Jolly’s part. Confirmation of a default judgment is similar to' a trial and requires “proof of the demand sufficient to establish a prima facie case.” Power Mktg. Direct, Inc. v. Foster, 05-2023 (La. 9/6/06), 938 So.2d 662, 670; La. C.C.P. art. 1702(A). For a plaintiff to obtain a default judgment, he must establish the elements of a prima facia case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Thibodeaux v. Burton, 88-1566 (La. 1/30/89), 538 So.2d 1001, 1004 (internal citations omitted). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits. Id. When a demand is based upon a delic-tual obligation, the testimony of the plaintiff with corroborating evidence, which may be by. affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. Gonzales v. Build-A-Bear Workshop, Inc., 09-368 (La. App. 5 Cir. 12/8/09), 30 So.3d 27, -29 (citing La. C.C.P. art. 1702(B)(2)). The court may, under the circumstances of the case, Lrequire additional evidence in the form of oral testimony before entering judgment. Id. The-rules of evidence shall be applicable to the determination of questions of fact in proceedings to confirm a default judgment. La. C.E. art. 1101(A). The plaintiff must follow the rules of evidence even though there is no opponent.' “Because at a default confirmation there is no objecting party, to prevent reversal on appeal, both [the] plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence” that establishes a prima facie case. George W. Pugh, Robert. Force, Gerald A. Raúlt, Jr., & Kerry Triche, Handbook on Louisiana Evidence Law, 677 (2007). Thus, inadmissible evidence, except as specifically provided fey law, may not support a default judgment even though it was not objected to because the defendant was not present. 19 Frank L. Maraist, Civil Law Treatise: Evidence and Proof, § 1.1 at 5 (2d Ed. 2007). In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Arias v. Stolthaven New Orleans, L.L.C., 08-1111 (La. 5/5/09), 9 So.3d 815, 818. This determination is a factual one governed by the manifest error standard of review. Id. Mr. Evans, who was the only witness to testify at the confirmation hearing in the instant case, testified that on February 6, 2013, Dr. Jolly alleged that he failed a drug test after his urine tested positive for cocaine. However,' according to Mr. Evans, he did not undergo a drug test on February 6, 2013; rather, he only got a prescription for physical therapy on that date. He stated that he returned to Dr. Jolly’s office about a month later and was told that the results of the drug test showed that he tested positive for cocaine. In response, he asked for his medical records, which he testified he had in his possession at the confirmation hearing. He testified that his medical records show “no other procedures was [sic] ordered |5on 2-8.” According to Mr. Evans, on April 8, 2013, Dr. Jolly ordered a drug test and the results of that test showed that no cocaine was found in his system. However, he testified that Dr. Jolly “falsified” the results of this urine test and sent the documents to his employer: specifically, that Dr. Jolly faxed “the paperwork” to Brian Grant, his case worker at ADM. Because of the allegation made against him by Dr. Jolly, Mr. Evans testified that he saw a psychiatrist for about a month and a half. Other than his testimony, Mr. Evans submitted no additional evidence at the confirmation hearing except for copies of two of his pay stubs to allegedly reflect his lost wages. Defamation is an invasion of a person’s interest in his reputation and good name. Huxen v. Villasenor, 01-288 (La. App. 5 Cir. 9/25/01), 798 So.2d 209, 212 (internal citations omitted). The essential elements of a defamation action are (1) defamatory words, (2) publication or communication to a third party, (3) falsity, (4) malice (actual or implied), and (5) resulting injury. Id. If even One of the required elements of the tort of defamation is lacking, the cause of action fails. Costello v. Hardy, 03-1146 (La. 1/21/04), 864 So.2d 129, 140 (internal citations omitted); Newcomer v. Bennett, 09-27 (La. App. 5 Cir. 10/13/09), 27 So.3d 858, 860-61. Upon review, we find that the evidence presented by Mr. Evans at the confirmation hearing in the instant case was insufficient to establish a prima facie case to support the default judgment that’ was rendered against Dr. Jolly. Although Mr. Evans testified that Dr. Jolly “falsified” a drug test and then communicated that information to Mr. Evans’ employer, he offered no corroborating evidence to substantiate these claims. In particular, Mr. Evans introduced neither the alleged “falsified” drug test in question, nor “the paperwork” that Dr. Evans allegedly faxed to Brian Grant, his case worker at ADM. Further, no evidence of malice, actual or implied, on Dr. Jolly’s part was introduced at the confirmation hearing. |fiThus, we are constrained to find that Mr. Evans failed to establish a prima facie case on at least three of the required elements of the tort of defamation: defamatory words, publication or communication to a third party, and malice (actual or implied). Although Mr. Evans referenced medical records- during his testimony, asserting that they would prove such allegations, those records were never properly introduced into evidence.[6] As such, we find that Mr. Evans’ testimony alone did not suffice to establish a prima facie case to. confirm the default judgment against Dr. Jolly for defamation. Accordingly, we find that the trial court was manifestly erroneous in concluding that Mr. Evans established with competent evidence the elements of a prima facie case against Dr. Jolly for defamation. The trial court thus erred in confirming the default judgment. We accordingly vacate the default judgment and remand the matter for further proceedings. ASSIGNMENTS OF ERROR NOS. FOUR, FIVE, AND SIX Considering our finding above that Mr. Evans failed to establish a prima, facie case to confirm the default judgment against Dr. Jolly for defamation, we pre-termit any discussion of Dr. Jolly’s fourth, fifth, and sixth assignments of error concerning alleged lack of service of the petition for damages on Dr. Jolly. • CONCLUSION For the foregoing reasons, we vacate the trial court’s October 5, 2016 default judgment rendered against Dr. Jolly and remand the matter for further proceedings. JUDGMENT VACATED; MATTER REMANDED . Dr. Jolly also appeals the trial court’s January 25, 2017 judgment that denied his motion for a new trial, but submits no separate argument with respect thereto in his brief. . The petition also asserted that a medical review panel previously "ruled” on Mr. Evans’ medical malpractice claim. The record reflects that on June 9, 2015., a medical review p'anel reviewed Mr. Evans’ medical malpractice claim and found that the evidence did not support a finding that Dr. Jolly failed to meet the applicable standard of care, specifically finding that: for a worker's compensation claim, it is mandatory for all treatment records to be shared with the employer or worker’s compensation insurance carrier/representative; Dr. Jolly appropriately shared Mr. Evans’ medical records, and urinalysis report with the representative of Mr. Evans’ employer; Mr. Evans had previously signed a chronic pain contract with Dr. Jolly, thus consenting to periodic random urine drug screenings; and there was no evidence that Dr. Jolly falsified Mr. Evans’ drug screen results. .In its oral reasons for judgment, the trial court stated that it was awarding Mr. Evans $5,000,00 in damages for “mental anguish as a result of the psychiatric treatment for a six-week period of time for which he testified,” and $15,000.00 in damages for the slander and defamation claim, stating that Mr. Evans "had a long-standing job'with his employer, making a nice wage and having been defamed.” 1 , On December 27, 2016, "in an abundance of caution,” Dr. Jolly filed a motion for a devolutive appeal of the default judgment. He had previously filed his motion for a new trial on December 16,. 2016, which he asserted was timely because notice of the default judgment was never mailed to him and thus the delay for filing a motion for a new trial never began to run. He asserted that the motion for a devolutivp appeal was filed to ensure that his ¿ppeal would be timely in the event that the court ruled that the motion for a new trial was untimely. On February 23, 2017, Dr. Jolly filed a motion for a suspensive appeal of the default judgment and the January 25, 2017 judgment denying his motion for a new trial. , Although Dr, Jolly’s brief asserted six assignments of error,- we note that the first three assignments deal with the sufficiency/admissibility of the evidence presented at the confirmation hearing, and the second three assignments deal with the alleged inadequate service of the petition for damages on D,r. Jolly. We thus address each set of assignments of error separately. . The trial judge found during the hearing that the medical records Mr. Evans had in his possession at the confirmation hearing were not certified, and that in order for him to introduce medical records; they had to' be certified.