LASHONDA KUYKENDALL

VERSUS

KIMBROUGH'S INC POOL & SPA BUILDERS,
DAVID KIMBROUGH, CHARLES BOUTIN,
& ABC INSURANCE COMPANY

NO. 23-C-106

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

May 10, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** LASHONDA KUYKENDALL

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 834-772

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Cornelius E. Regan, Pro Tempore

### WRIT GRANTED; JUDGMENT REVERSED; REMANDED WITH INSTRUCTIONS

Plaintiff/Relator, Lashonda Kuykendall ("Ms. Kuykendall"), seeks review of the trial court's January 30, 2023 judgment denying her exception of no cause of action, or, in the alternative exception of vagueness, in which she claimed the reconventional demand filed by Defendant-in Reconvention/Respondent, Kimbrough's Inc. Pool & Spa Builders ("Kimbrough's Inc."), asserts legal conclusions and fails to provide a factual basis for its conclusion that she is liable for breach of contract. After a hearing, the trial court overruled the exception finding Kimbrough's Inc.'s reconventional demand alleged facts with sufficient specificity to state a cause of action. On supervisory review, we find Kimbrough Inc.'s reconventional demand fails provide a factual basis for its conclusions that Ms. Kuykendall is liable for breach of contract; rather, the reconventional demand makes conclusory statements regarding Ms. Kuykendall's alleged breach of contract. For

23-C-106

the reasons expressed below in greater detail, we find the trial court erred in denying Ms. Kuykendall's exception of no cause of action.

In November 2022, Ms. Kuykendall filed a petition for damages against Kimbrough's Inc., and David Kimbrough, in his individual capacity, as well as against Charles Boutin, and ABC Insurance Company. Ms. Kuykendall's petition alleged that in August 2022, she entered into a contract with Kimbrough's Inc. for the construction of a pool at her home, which contemplated a specified deadline for completion; that Kimbrough's Inc. failed to take specific preliminary steps toward the pool's construction, which prevented the project's timely commencement and completion; and that the pool was never constructed. Ms. Kuykendall's petition alleges that Kimbrough's Inc.'s actions and omissions constitute a breach of contract. Ms. Kuykendall's petition also asserted claims for fraud, and unfair trade practices.

Kimbrough's Inc. answered the petition and filed a reconventional demand, claiming that Ms. Kuykendall breached the contract she entered with Kimbrough's Inc., allegedly resulting in the company sustaining damages and lost business opportunities. In response, Ms. Kuykendall filed an exception of no cause of action, or in the alternative, an exception of vagueness.

During the January 24, 2023 hearing, the trial court considered Ms. Kuykendall's exception of no cause of action, or in the alternative, an exception of vagueness, which the trial court denied. This timely writ followed.

An appellate court reviews a peremptory exception of no cause of action using the *de novo* standard of review in that exceptions of no cause of action present questions of law. *Newcomer v. Bennett*, 09-27 (La. App. 5 Cir. 10/13/09), 27 So.3d 858, 860. "[A]n exception of no cause of action tests 'the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the

2

pleading." *Henderson v. State Farm Mut. Auto. Ins. Co.*, 21-0654 (La. App. 4 Cir. 12/17/21), 335 So.3d 349, 353 (internal quotations omitted).

In deciding whether a petition states a cause of action, a court may consider only the petition, any amendments to the petition, and any documents attached to the petition. *Newcomer*, 27 So.3d at 860; *Henderson* 335 So.3d at 353 (quoting *Green v. Garcia-Victor*, 17-0695 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453).

Moreover, La. C.C.P. art. 891 states that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." The Louisiana Supreme Court explained in *Udomeh v. Joseph*, 11-2839 (La. 10/26/12), 103 So.3d 343, 349, that:

> In order to plead "material facts" within Louisiana's fact-pleading system, the pleader must "state what act or omission he or she will establish at trial, such as the fact the defendant failed to deliver goods by a designated date, exceeded the speed limit, or failed to pay workers' compensation benefits although the evidence in his or her possession clearly established a compensable injury and disability."

*Id.* (quoting *Greemon v. City of Bossier City*, 10-2828, 11-0039 (La. 7/1/11), 65 So.3d 1263, 1268-69). Additionally, "[l]egal conclusions asserted as facts are not considered well-pled factual allegations for purposes of an exception of no cause of action." *Henderson*, 335 So.3d at 353; *Ramey v. DeClaire*, 03-1299 (La. 3/19/04), 869 So.2d 114, 118 (recognizing that mere conclusions unsupported by facts are not sufficient to set forth a cause of action). "It is insufficient for the petition to simply state factual conclusions without setting forth the facts that support the conclusions; consequently, any allegations which are no more than factual conclusions shall be disregarded." *Merrick Const. Co., Inc. v. State*, 97-0110 (La. App. 1 Cir. 9/19/97), 700 So.2d 236, n. 4 (citing *Kahn v. Jones*, 95-259 (La. App. 3 Cir. 11/2/95), 664 So.2d 700, 704-05).

In order to prevail on a breach of contract claim, the plaintiff must establish

by a preponderance of the evidence that the defendant owed him an obligation; the defendant failed to perform the obligation; and defendant's failure to perform resulted in damages to the plaintiff. *Stipp v. MetLife Auto & Home Ins. Agency, Inc.*, 17-61 (La. App. 5 Cir. 8/30/17), 255 So.3d 1182, 1189.

In the present case, Kimbrough's, Inc.'s reconventional demand alleges that Ms. Kuykendall and Kimbrough Inc. "entered into a contractual relationship to perform certain work at [Ms. Kuykendall's residence]." In connection with that work, the reconventional demand alleges that Ms. Kuykendall agreed to pay Kimbrough's Inc. $33,000.00; however, it alleges that Ms. Kuykendall added elements to the original contract's scope of work. The reconventional demand further claims:

> In order to accept the job…[Kimbrough's Inc.] gave up and/or turned down several other contracts to build pools and complete work at other residences.

> After entering into a contract with [Kimbrough's Inc.] and causing [it] to commit to completing construction at Ms. Kuykendall's home and forgo other construction opportunities, [Ms. Kuykendall] breached her contract with [Kimbrough's Inc.].

> As a result of the actions of [Ms. Kuykendall], [Kimbrough's Inc.] has suffered financial loss and damage.

After reviewing the reconventional demand, we find Kimbrough's Inc.'s reconventional demand does not provide a factual basis for its conclusions that Ms. Kuykendall is liable for breach of contract. While the reconventional demand alleges the existence of a contract, it does not allege what specific actions Ms. Kuykendall took or failed to take that breached the contractual agreement between the parties. The most specific factual allegation made in the reconventional demand states only that Ms. Kuykendall "added elements to the original contract's scope of work" without specifying what those added elements were or how they breached the contract. Additionally, Kimbrough's Inc. neither alleges in its reconventional demand nor attaches documents which suggest that its contract with Ms. Kuykendall

4

expressly prevented Ms. Kuykendall from adding to the scope of the work. Furthermore, Kimbrough's Inc. does not allege that it performed any services contemplated by the contract and for which money was owed under the contract, or that Ms. Kuykendall refused to pay monies Kimbrough's Inc. was owed under the contract. Instead, the reconventional demand makes only conclusory statements that Ms. Kuykendall breached the contract. Because the reconventional demand fails to provide material facts to support its conclusions, we find the trial court erred in overruling the exception of no cause of action.

Accordingly, we reverse the trial court's judgment overruling the exception of no cause of action and find that Kimbrough's Inc., in its reconventional demand, failed to state a cause of action for breach of contract. Nonetheless, pursuant to La. C.C.P. art. 934, the trial court is authorized to allow the party an opportunity to amend his petition when it fails to state a cause of action and "the grounds of the objection pleaded… may be removed by amendment of the petition." In this case, the trial court, in overruling the exception, indicated that while it found there was "enough specificity" to "survive the day," it expressed concern that even if Kimbrough's Inc. was afforded an opportunity to amend, it was not clear "how much more [Kimbrough's Inc.] could add to it."

Clearly, "a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief." *Fink v. Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346, 349. While we agree that it is not clear what more Kimbrough's Inc. could add to its reconventional demand, we find that Kimbrough's Inc. is entitled to an opportunity to remove the grounds for the exception by amending its petition. Therefore, we grant the writ, reverse the trial court's judgment overruling the exception of no cause of action, and remand the matter back to the

5

trial court to allow Kimbrough's Inc. an opportunity to amend its reconventional demand with sufficient facts to support its allegations of breach of contract.

Gretna, Louisiana, this 10th day of May, 2023.

**FHW**
**SMC**
**CER**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **05/10/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-C-106**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Frank G. DeSalvo (Respondent)          Graham H. Williams (Relator)
                                       Ashley M. Caruso (Relator)

### MAILED

Shannon R. Bourgeois (Respondent)
Attorney at Law
739 Baronne Street
New Orleans, LA 70113

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shannon R. Bourgeois
Attorney at Law
739 Baronne Street
New Orleans, LA 70113
23-C-106                     05-10-23

9590 9402 2434 6249 3633 07

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6847

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

Angel Cruz            5/15/23

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

SECURITY

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt