649 So.2d 1220 (1995)
CONTINENTAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
THREE SEASONS PEST CONTROL COMPANY, et al., Defendants-Appellees.
No. 94-1094.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
*1221 Charles W. Rea, Baton Rouge, for Continental Ins. Co.
James Berry Reichman, Alexandria, for Three Seasons Pest Control Co., et al.
Before: WOODARD, DECUIR and PETERS, JJ.
WOODARD, Judge.
This appeal arises from the involuntary dismissal of plaintiff's negligence claim.

FACTS
On October 15, 1991, employees of defendant, Three Seasons Pest Control Company (Three Seasons), applied a mixture of water and Dragnet, a termite control chemical, to the home of Mr. and Ms. Alan Armstrong. While applying the pesticide under the house, one of the employees, Ricky Miller, noticed a flash of light. Mr. Miller attempted unsuccessfully to locate the source of the flash, which he believed to be electrical in nature. The flash did not recur.
Upon completing the treatment, Mr. Miller reported to Ms. Armstrong that he had seen a flash of light under the house and suggested that she call an electrician to check the wiring. He also stated that he had not seen the flash again and that he could not locate its source. Before leaving, Mr. Miller checked the circuit breakers and rechecked the area where he had seen the flash.
Less than 3 hours later, the house caught on fire and was severely damaged by the ensuing blaze. The Alexandria Fire Department concluded that this fire was electrical in origin.
Continental Insurance Company (Continental) paid the Armstrongs' insurance claim for the damage to the house and thereby became subrogated to the Armstrongs' legal rights arising from the fire. Continental then filed suit against Three Seasons, alleging *1222 that its employees negligently caused the fire by spraying pesticide on an old, exposed wire, thus short-circuiting the electrical system. Continental also alleged that Three Seasons' employees negligently failed to respond adequately to the danger of fire that they had created. After plaintiff rested its case, the trial court granted defendants' motion for involuntary dismissal. Continental now appeals, asserting that the trial court erred in dismissing its lawsuit.

LAW

I. INVOLUNTARY DISMISSAL
The trial court possesses much discretion in determining whether to grant a motion for an involuntary dismissal. Mott v. Babin Motors, 451 So.2d 632, 637 (La.App. 3 Cir.1984). When such a motion is made, the court must evaluate all of the evidence that has been presented and grant the motion if the plaintiff has failed to establish his case by a preponderance of the evidence. La.C.C.P. art. 1672(B); Crowell v. City of Alexandria, 558 So.2d 216, 218 (La.1990). Thus, a motion for an involuntary dismissal should be denied if the evidence, taken as a whole, indicates that the existence of the fact or cause sought to be proved is more probable than not. Marcotte v. Travelers Ins., 258 La. 989, 249 So.2d 105, 107 (1971). The trial court's decision to grant an involuntary dismissal should not be reversed in the absence of manifest error. Id.
Continental contends that a court should deny a motion for an involuntary dismissal when the plaintiff has presented a prima facie case, which is the standard for denial of a motion for a directed verdict in a jury trial. Continental urges that the same standard should apply, regardless of whether a jury is present. However, the long-standing jurisprudence of this state clearly provides otherwise.

II. NEGLIGENCE
Continental urges that Three Seasons should be held liable for the damage to the Armstrongs' home because Three Seasons' employees negligently caused the fire and failed to respond adequately to the danger of fire they had created by not giving a proper warning. Continental can prevail on either theory only if it has established all of the elements of negligence by a preponderance of the evidence: (1) that Three Seasons' conduct was a cause in fact of the fire; (2) that Three Seasons had a duty to conform its conduct to a specific standard; (3) that Three Seasons failed to do so; and (4) that the fire was within the scope of protection afforded by this duty. Fontenot v. Fontenot, 635 So.2d 219, 223 (La.1994).

A. CAUSE IN FACT
Dr. David Smith, an expert in analytical chemistry, testified that a mixture of water and Dragnet could support arcing, that Dragnet was present in the sheathing of an electrical wire where the fire began, according to Randall Bruff, a certified expert in fire investigation. Mr. Bruff also stated that electrical arcing occurred between a staple that had penetrated the sheathing and the metal core of the exposed wire, that this arcing was a source of heat sufficient to start a fire, and that the arcing was the only source of heat in the area where the fire began. Mr. Miller stated that he applied pesticide to the area where Mr. Bruff claims the fire began and that he saw a flash there while he sprayed the chemical. Dr. Jim Moore, an expert in mechanical engineering, confirmed that electrical arcing at this staple caused the fire, that the presence of the pesticide enabled the arcing to occur, and that the fire would not have occurred but for the application of the pesticide.
Given this uncontroverted testimony, Continental has satisfied the "cause-in-fact" requirement by a preponderance of the evidence.

B. DUTY AND BREACH OF DUTY
Continental has intimated that Three Seasons breached two duties: one, by causing the fire, and one, by not warning that a fire was imminent. Although Continental has proved causation, under our jurisprudence, "causation" does not equal "duty." The existence of a duty is a legal question to be decided by the courts. Meany v. Meany, 639 So.2d 229, 233 (La.1994). Whether a *1223 duty is owed depends on the facts and circumstances of the case and the relationship of the parties. Seals v. Morris, 410 So.2d 715, 718 (La.1982). Ultimately, a duty is an obligation to conform to a standard of conduct that is reasonable under the circumstances. See Meany, 639 So.2d at 234.
Plaintiff has presented no evidence to establish the reasonable standard of conduct to which the exterminators should have conformed. Thus, we are unable to determine what their duties were and whether they breached them. For example, are exterminators trained or required to check for all wires or staples touching a wire; are they trained to know the potential dangers of spraying a water and chemical mixture near or on an exposed wire; are they trained to know the dangers of a flash, what remedial steps to take if they see one, and how quickly they must act? By failing to present any evidence as to these matters prior to resting its case, Continental has failed to establish by a preponderance of the evidence that Three Seasons' employees had a duty or duties that they breached and thus have failed to prove negligence.
We, therefore, conclude that the trial court properly dismissed Continental's claim.

CONCLUSION
For the foregoing reasons, we affirm the decision of the trial court in favor of the appellees.
AFFIRMED.