693 So.2d 302 (1997)
Raedona WILLIAMS, Plaintiff-Appellant,
v.
Chriselle BROOKS, et al., Defendants-Appellees.
No. 96-1709.
Court of Appeal of Louisiana, Third Circuit.
April 30, 1997.
*303 Thomas Benjamin Moyse Wahlder, Alexandria, for Raedona Williams.
Michael D. Hislop, Alexandria, for Chriselle Brooks, et al.
Before SAUNDERS, WOODARD and AMY, JJ.
SAUNDERS, Judge.
Plaintiff, Raedona Williams, appeals the judgment of the trial court granting an involuntary dismissal in favor of the defendant, Chriselle Brooks and Allstate Insurance Company. For the following reasons, the judgment of the trial court is reversed and this case is remanded for completion of the trial on the merits.

FACTS
On December 23, 1995, Ms. Raedona Williams made a left-hand turn from the turning lane on McArthur Drive in Alexandria, Louisiana, and proceeded straight ahead in an easterly direction on North Boulevard, when she collided with the vehicle driven by defendant, Chriselle D. Brooks. Ms. Brooks was heading in a southerly direction on the service road and had initially stopped at a stop sign at the intersection; she then proceeded without first ascertaining if it was safe to do so. Ms. Brooks failed to yield to plaintiff's right-of-way and an impact resulted. As a result of the accident, defendant, Ms. Brooks, was issued a citation by the investigating police officer for failure to yield.
Plaintiff filed suit April 24, 1996, and a trial on the merits followed on October 10, 1996. The events that occurred as told by the plaintiff were uncontroverted by the defendant's testimony and defendant confirmed that she was issued a citation for failure to yield, and that she paid the fine. Ms. Williams also testified as to the personal injuries she sustained as a result of the December 23, 1995, accident, including the medical treatment she received and the lost wages she suffered.
At trial, plaintiff introduced and admitted into evidenced the accident report and the deposition of plaintiff's treating physician, Dr. Robert K. Rush. According to the deposition testimony of Dr. Rush, plaintiff suffered from trauma to the right foot and leg, with some sacroiliac (hip) dysfunction. Dr. Rush opined that the injuries sustained by Ms. Williams and the treatment received were consistent with the accident of December 23, 1995. Additionally, copies of the medical bills reflecting charges for the treatment Ms. Williams received as a result of the December 23, 1995, accident were also introduced.
After the completion of Ms. Williams casein-chief, the defendant began the presentation of her case-in-chief. Ms. Brooks had already begun her testimony by answering the questions posed to her by defense counsel, when the direct examination of Ms. Brooks was interrupted by the trial court. *304 On its own motion, the trial court granted an involuntary dismissal of Ms. Williams case over the objection of counsel for plaintiff, reasoning that she had failed to meet her burden of proving that she suffered any injuries as a result of the accident in question. In so finding, the trial court cited the failure of plaintiff to seek emergency medical treatment and further noted that eleven days had passed from the day of the accident before the plaintiff received medical treatment.
It is from this judgment that plaintiff/appellant appeals.

LAW AND OPINION
La.Code Civ.P. art. 1672(B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render a judgment until the close of all the evidence.
(Emphasis added).
La.Code Civ.P. art. 1672(B) grants to any party the right to move for dismissal after the plaintiff has completed the presentation of his/her evidence. However, the provision does not authorize the trial court to grant a dismissal on its own motion.
In order to give La.Code Civ.P. art. 1672(B) its full import, we find that the trial judge erred in granting an involuntary dismissal where neither the plaintiff nor defendant moved for one.
Moreover, even had the motion been properly made by the defendant in accordance with La.Code Civ.P. art 1672(B), we find that trial court's decision to grant an involuntary dismissal would be clearly erroneous.
The trial court possesses much discretion in determining whether to grant a motion for an involuntary dismissal. Mott v. Babin Motors, 451 So.2d 632, 637 (La. App. 3 Cir.1984). When such a motion is made, the court must evaluate all of the evidence that has presented and grant the motion if the plaintiff has failed to establish by a preponderance of the evidence. La.C.C.P. art. 1672(B); Crowell v. City of Alexandria, 558 So.2d 216, 218 (La.1990). Thus, a motion for an involuntary dismissal should be denied if the evidence, taken as a whole, indicates that the existence of the fact or cause sought to be proved is more probable than not. Marcotte v. Travelers Ins., 258 La. 989, 249 So.2d 105, 107 (1971).
Continental Ins. Co., v. Three Seasons Pest Control Co., 94-1094, p. 2 (La.App. 3 Cir. 2/1/95); 649 So.2d 1220, 1222.
In his oral reasons, the trial judge clearly recognized that plaintiff had established that she was involved in an accident and acknowledged that defendant was at fault. Despite these findings, the trial judge found that there was insufficient credibility in Ms. Williams testimony to find that she suffered injuries as a result of the accident. The trial judge reasoned that because Ms. Williams failed to seek emergency medical treatment shortly after the accident and did not seek medical treatment until eleven days after the accident, that she suffered no injuries as a result of the accident. We disagree.
First and foremost, the fact that plaintiff did not seek immediate medical treatment does not conclusively prove that she did not suffer any injuries as a result of the accident. Rather, the evidence suggests that plaintiff sought medical treatment when the symptoms manifested themselves. Furthermore, the deposition testimony of Dr. Rush indicated that Ms. Williams suffered trauma to her right foot and leg and he prescribed heat and anti-inflammatory medication. Dr. Rush also authorized Ms. Williams to undergo physical therapy and at a later visit, an examination revealed that Ms. Williams suffered from some sacroiliac dysfunction. Even after Ms. Williams was released from Dr. Rush's care, in March of 1996, Dr. Rush noted in his March 8, 1996, report that she may have recurring sacroiliac problems in the future. Also, in his deposition testimony, Dr. Rush opined that the injuries Ms. Williams sustained and the treatment rendered were, *305 more probable than not, related to the December 23, 1995, car accident and he confirmed the medical bills that Ms. Willaims had incurred as a result of the accident.
Accordingly, even upon a proper motion by the defendant for an involuntary dismissal, we would find that the trial judge erred in granting the dismissal, for an evaluation of all of the evidence presented to this point indicates that plaintiff has established her claim by a preponderance of the evidence.

DECREE
For the foregoing reasons, the judgement of the trial judge is reversed and this case is remanded to the trial court for completion of the trial on the merits. Costs to await merits.
REVERSED AND REMANDED.
AMY, J., concurs in the result and assigns reasons.
AMY, Judge, concurring in the result.
I concur in order to express my view that La.Code Civ.P. art. 1672(B) does not, alone, preclude a judge from dismissing a case by the court's own motion. In my opinion, this should be viewed as an inherent power of the court which would well serve judicial economy and efficiency in the event that a party has failed to prove a case by a preponderance of the evidence when it has the burden to do so. It seems contrary to reason that a trial court should be forced to hear a matter in full when it is apparent that a party cannot prevail because of a lack of credible evidence presented in its case-in-chief.
I recognize, however, that there is jurisprudential authority indicating otherwise. In Spencer v. Children's Hospital, 419 So.2d 1307 (La.App. 4 Cir.1982), the fourth circuit held that Article 1672(B) indicates a legislative intent to preclude a judge from dismissing a case on the court's own motion. The supreme court later reversed the fourth circuit's decision upon review of that case, but found that "[t]he Court of Appeal correctly held that the trial judge has no power to dismiss a case on his own motion." Spencer v. Children's Hospital, 432 So.2d 823, 824 (La.1983). In light of this guidance from the supreme court, I conclude that the trial court judge erred in dismissing the case. As I find reason for reversal on this ground, I do not reach the issue of whether the plaintiff proved the elements of her case by a preponderance of the evidence. Accordingly, I concur in the result reached by the majority.