WICKER, J.
Appellant, Raul Alejandro Ramos, seeks review of the April 11, 2018 judgment from the Twenty-Ninth Judicial District Court denying his motion for default judgment and dismissing with prejudice claims raised in his Petition to Stop the Extortion and Fraud . The trial court denied Appellant's motion for default judgment and dismissed his petition citing his failure to address any evidence in support of any of his claims made in his petition. For the following reasons, we vacate the trial court's judgment dismissing Appellant's petition and remand this matter for further proceedings.
FACTS
This matter arises out of a child support obligation imposed upon Appellant in support of his minor female child with whom he avers Appellees have prevented him from interacting.
On March 30, 2017, Appellant filed a Petition to Stop the Extortion and Fraud with the Twenty-Ninth Judicial District Court. Defendants/Appellees, Ms. Ebony Wright Alexander (Ms. Wright)[1] and Mr. *1002 Frank "Nitti" Alexander, failed to answer Appellant's petition; thus, Appellant filed a Motion on the Pleadings on July 31, 2017. The trial court issued an order denying Appellant's motion on August 3, 2017. In its denial, the trial court suggested that Appellant seek legal counsel or self-remedy errors contained in his motion. The trial court further encouraged Appellant to review the Louisiana Code of Civil Procedure's provisions concerning service of process.
On August 21, 2017, Appellant submitted a Request of Service with the St. Charles Parish Clerk of Court upon Appellees. On November 9, 2017, Appellant re-filed his Motion on the Pleadings[2] with the trial court, which set a hearing to show cause for January 22, 2018. On the 19th of January, Ms. Wright submitted a handwritten letter to the trial court requesting a continuance due to work hardship. Appellant objected to the continuance at the January 22nd hearing, and the court proceeded with the hearing on Appellant's motion. In a judgment rendered January 23, 2018, the trial court denied Appellant's motion for judgment on the pleadings, citing Appellees' failure to provide an answer to Appellant's petition as a barrier to Appellant's ability to pursue a motion for judgment on the pleadings. Through its written Reasons for Judgment , the trial court informed Appellant that the only viable recourse available to him was a Preliminary Default and default judgment.
Appellant filed a Motion for Preliminary Default Judgment which was filed stamped by the Clerk's office on March 6, 2018. However, on February 23, 2018, the trial court entered a preliminary default in favor of Appellant and scheduled a hearing to show cause for April 6, 2018.[3] Three days prior to the scheduled April 6th hearing, Appellee, Ms. Wright, submitted a second, hand-written letter to the court requesting a continuance. The court denied Ms. Wright's request and on April 6, 2018, the trial court allowed Appellant to present evidence in support of his Petition to Stop the Extortion and Fraud .[4] On April 11, 2018, the trial court issued both a judgment and its written Reasons for Judgment as to Appellant's Petition to Stop the Extortion and Fraud . Within its reasons, the trial court outlined seven areas in which it believed Appellant sought relief and addressed each area in turn.[5]
*1003 After its review of the record, the trial court held that Appellant failed to meet his burden of proof on every claim for relief; therefore, the court denied his Motion for Preliminary Default Judgment and dismissed his petition with prejudice and at his cost.
DISCUSSION
Default Judgment
This case is before us on review of the trial court's denial of Appellant's motion for default judgment and dismissal of Appellant's Petition to Stop the Extortion and Fraud with prejudice upon finding that Appellant failed to establish a prima facie case to support his request for a judgment of default. An appellate court's review of a judgment of default is generally governed by the manifest error standard of review. Arias v. Stolthaven New Orleans, L.L.C. , 08-1111 (La. 5/5/09), 9 So.3d 815, 818.
Articles 1701 and 1702 of the Louisiana Code of Civil Procedure sets forth the procedure for obtaining a judgment of default. A judgment of default may be entered against a properly served defendant who fails to answer or file other pleadings within the time prescribed by law or the court. La. C.C.P. art. 1701. A judgment of default is sometimes referred to as a "preliminary default." ASI Fed. Credit Union v. Leotran Armored Sec., LLC , 18-341 (La. App. 5 Cir. 11/07/18), 259 So.3d 1141, 2018 WL 5813588, 2018 La. App. LEXIS 2209, citing Arias , 9 So.3d at 819.
In order to confirm a preliminary default, proof of the demand "sufficient to establish a prima facie case" must be admitted on the record. La. C.C.P. art. 1702(A). A prima facie case must be established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. Apex Realty, LLC v. Vidrine's of Gonzales, LLC , 12-530 (La. App. 5 Cir. 3/13/13), 112 So.3d 301. The proof of the demand required by the Code of Civil Procedure is dependent upon the nature of the obligation (i.e., whether it is conventional or delictual). La. C.C.P. art. 1702(B). When a demand is based on a delictual obligation, as in the present case, plaintiff's testimony may be supplemented with corroborating evidence such as affidavits and exhibits. La. C.C.P. art. 1702(B)(2) ; Arias , 9 So.3d at 822 n. 11.
Thus, to seek the confirmation of a judgment of default, "the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits." Arias , 9 So.3d at 820. The standard of review for a trial court's evidentiary ruling is abuse of discretion, meaning the trial court's ruling will not be disturbed unless it is clearly erroneous. Gorman v. Miller , 12-0412 (La. App. 1 Cir. 11/13/13), 136 So.3d 834, 840.
After an in-depth review of the record, we find that the trial court did not abuse its discretion in finding that Appellant failed to meet his burden of proving a prima facie case against defendants. Specifically, the trial court found that Appellant failed to submit any tangible, documented evidence during the April 6th hearing to corroborate his testimony and the allegations made in his petition. For example, Appellant alleges in his petition that he made several attempts to contact the daughter he shares with Ms. Wright *1004 but was prevented from speaking with her because of the actions of the Appellees; yet, Appellant failed to produce phone logs evidencing his attempts to contact his daughter and his subsequent discussions with Appellee, Mr. Frank Alexander. Further, Appellant failed to produce any affidavits from individuals who may have witnessed the threats and harassment he alleges he endured from Appellees. Finally, Appellant failed to produce documentation evidencing Appellees' use of Appellant's daughter, and his desire to interact with her, as a means to obtain money from him. Therefore, the trial court did not abuse its discretion in denying Appellant's motion for preliminary default. However, for the reasons discussed below, we find that the trial court erred in dismissing Appellant's Petition to Stop the Extortion and Fraud with prejudice.
Dismissal of Appellant's Petition
A trial court may not dismiss a lawsuit with prejudice at a hearing to confirm a default judgment. Dahan Novelties & Co., LLC v. Ohio Cas. Ins. Co. , 10-0626 (La. App. 4 Cir. 10/20/10), 51 So.3d 129 ; Band v. First Bankcard Ctr. , 94-3062 (La. 2/9/95), 650 So.2d 738 (per curiam) (the reversal of a default judgment does not result in a dismissal, with prejudice, of plaintiff's claims).
In cases in which the trial court has improperly dismissed a petition with prejudice, the appellate court has consistently remanded the matter for further proceedings. See Evans v. Jolly , 17-159 (La. App. 5 Cir. 10/25/17), 229 So.3d 650 (vacated the default judgment and remanded the matter for further proceedings); Griffin v. Pecanland Mall Assoc. Ltd ., 535 So.2d 770 (La. App. 2nd Cir. 1988) ; Saacks v. Target Corp. , 10-819 (La. App. 5 Cir. 1/25/11), 56 So.3d 450 ; Louisiana NBOA Constr. & Self Insurers Co. v. Liu , 30,041 (La. App. 2 Cir. 12/10/97), 707 So.2d 1002, 1003 (upholding the city court's ruling that plaintiff presented insufficient evidence to establish its claim, but reversing the judgment dismissing the suit for the unsuccessful confirmation of default and remanding the matter for further proceedings); Gorman v. Miller , 12-0412 (La. App. 1 Cir. 11/13/13), 136 So.3d 834, 839 (reversed a trial court's judgment dismissing plaintiff's suit with prejudice finding a trial court is unable to dismiss a plaintiff's suit on its own motion when the plaintiff fails to present sufficient evidence to confirm a preliminary default judgment and no party present at the confirmation hearing moves for a dismissal of the plaintiff's suit).
The Louisiana Code of Civil Procedure distinguishes a judgment of default from a judgment of dismissal in that a judgment of default is against the defendant, see La. C.C.P. arts.731-743, and the judgment of dismissal is against the plaintiff, see La. C.C.P. arts. 681 - 700 ; see also Dahan Novelties & Co., LLC v. Ohio Cas. Ins. Co. , 10-0626 (La. App. 4 Cir. 10/20/10), 51 So.3d 129, 135. The Code further sets forth the grounds for voluntary and involuntary dismissal of a demand. In article 1671 of the Louisiana Code of Civil Procedure, a plaintiff is allowed to dismiss his or her own demand without prejudice when he or she has paid costs associated with his or her claim and the defendant has not yet appeared.[6] This is referred to as a voluntary dismissal. However, an involuntary dismissal may occur at the application of any *1005 party or by the court, on its own motion. See La. C.C.P. art. 1672.[7] The court's ability to dismiss a demand on its own motion is limited to the failure of all parties to appear on the day set for trial. Id. Even in this instance, the court is only permitted to dismiss the action without prejudice. Id.
The Fourth Circuit in Dahan provides an adequate summary of this position as it states:
Because there is no other party present at the confirmation hearing to move for dismissal, a trial court is effectively prevented from dismissing a plaintiff's case on the court's own motion at the close of the plaintiff's evidence at a confirmation hearing. Therefore, the trial court's rendering on its own motion a judgment of dismissal against the plaintiffs at the conclusion of the conclusion of their evidence is error.
* * *
If a trial court is not convinced that a plaintiff has made a prima facie case at the confirmation of the judgment of default hearing, it should refuse to confirm the default judgment, but not dismiss the case.
51 So.3d at 136.
In the present matter, we find that the trial court was correct in holding that Appellant had not produced sufficient, tangible evidence to meet his prima facie burden satisfying his claim for a default judgment. However, we find that the trial court erred when it dismissed, with prejudice, "any and all claims brought" by Appellant against Appellees. In doing so, the trial court dismissed Appellant's demand based on his failure to produce sufficient evidence to warrant a default judgment during a hearing to show cause; thus exceeding his authority to dismiss the lawsuit as this right has been reserved by the legislature for parties who appear before the court. Therefore, we affirm the trial court's denial of the motion for default, but reverse the judgment of the trial court in so far as it dismissed Appellant's petition with prejudice.
DECREE
The trial court's judgment denying the motion for default is affirmed, and dismissing *1006 the petition with prejudice is reversed, and the matter is remanded to the trial court for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED

Ms. Wright is the biological mother of the minor child.

In its January 23, 2018 written Reasons for Judgment , the trial court took judicial notice that the proper title of Appellant's Motion on the Pleadings is Motion for Judgment on the Pleadings .

We take judicial notice that Appellant submitted his Motion for Preliminary Default Judgment to the trial court prior to February 22, 2018. The Deputy Clerk's signature on his motion establishes that a response to Appellant's motion had not yet been filed by Appellees as of 1:00 p.m. on that date. On February 23, 2018, the trial judge granted and entered Appellant's motion, as evidenced by the trial court's record cover. The parish clerk then time stamped and dated Appellant's motion for March 6, 2018, one day after the trial judge signed the order attached to Appellant's motion.

Ms. Wright failed to appear for the April 6, 2018 hearing.

The trial court looked to the prayer for relief in paragraph 43 of Mr. Ramos' petition and summarized his petition in the following manner:
In a nutshell, said paragraph 43 shows that plaintiff seems to be seeking the following:
1) Return of all monies previously paid by him to Ms. Ebony Wright Alexander for child support;
2) The claim for all arrears in outstanding child support and future child support payments be "vacated";
3) Plaintiff's child support obligation be "dropped";
4) Plaintiff's driver's license be reinstated;
5) That the minor child at issue herein be declared to be a child of the union between defendants, and that plaintiff be released from said parentage;
6) Damages for the loss of plaintiff's child, for the pain and suffering claimed to be caused to plaintiff by defendants' actions;
7) To be left alone.

Article 1671 provides:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.

Article 1672 provides:
A. (1) A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
(2) The court, on its own motion, may dismiss an action without prejudice when all the parties thereto fail to appear on the day set for trial; however, when a case has been dismissed pursuant to this provision and it is claimed that there is a pending settlement, either party may reinstate the suit within sixty days of receipt of the notice of dismissal, and any cause of action which had not prescribed when the case was originally filed shall be fully reinstated as though the case had never been dismissed.
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.