# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 20-182


**PENNY RICHARD**

**VERSUS**

**DUSTIN TODD RICHARD**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2019-174
HONORABLE JOEL GERARD DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy Howard Ezell, Phyllis M. Keaty, and D. Kent Savoie, Judges.


**REVERSED AND REMANDED.**

**Kenneth Ray Rush**
**Attorney at Law**
**102 S. 10th Street**
**Oakdale, LA 71463**
**(318) 335-2759**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Penny Richard**

**John Green, Jr.**
**Law Offices of John Green, Jr.**
**1135 Hodges St.**
**Lake Charles, LA 70601**
**(337) 990-0060**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Dustin Todd Richard**

**EZELL, Judge.**

Dustin Richard appeals the decision of the trial court below dismissing his motion to modify child and interim spousal support. For the following reasons, we reverse the decision of the trial court and remand the matter for further proceedings.

As part of their divorce proceedings, Penny and Dustin Richard entered stipulated judgments resulting in Mr. Richard paying $1,515 per month in child support and $4,700 per month in interim spousal support. On December 2, 2019, Mr. Richard filed a motion to modify the support awards alleging that he had suffered a material change in circumstances when he was terminated from his employment. During the hearing on the motion, the trial court interrupted Mr. Richard's testimony and dismissed his motion based on his partial testimony. From that decision, Mr. Richard appeals.

On appeal, Mr. Richard asserts two assignments of error. He first claims that the trial court erred in dismissing his motion before the conclusion of his case. He also claims that the trial court erred in ruling against his motion based on his uncontroverted testimony. Because we find merit in his first assignment of error, we need not address his second.

Louisiana Code of Civil Procedure Article 1672(B) provides (emphasis added):

> In an action tried by the court without a jury, *after the plaintiff has completed the presentation of his evidence*, *any party*, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

Louisiana Code of Civil Procedure Article 1672(B) grants to *any party* the right to move for dismissal after the plaintiff has completed the presentation of his or her evidence. Therefore, a judgment of involuntary dismissal under La.Code Civ.P. art. 1672(B) requires a motion on behalf of either party. The provision does not allow the trial court to grant a dismissal on its own motion. *Williams v. Brooks*, 96-1709 (La.App. 3 Cir. 4/30/97), 693 So.2d 302, *writ denied*, 97-1434 (La. 9/19/97), 701 So. 2d 175. A trial court may not dismiss an action on its own, as it is not a party to the action. *Dahan Novelties & Co., LLC v. Ohio Cas. Ins. Co*., 10-626 (La.App. 4 Cir. 10/20/10), 51 So.3d 129; *Wooley v. AmCare Health Plans of La., Inc*., 06-1146, 06-1147, 06-1148, 06-1149, 06-1150, 06-1151, 06-1152, 06-1153, 06-1154 (La.App. 1 Cir. 1/17/07), 952 So.2d 720.

The record on appeal does not reflect that any party moved for an involuntary dismissal under La.Code Civ.P. art. 1672(B) prior to the trial court's decision. Accordingly, we find that the trial judge erred in granting an involuntary dismissal where neither the plaintiff nor defendant moved for one. The trial court's rendition of judgment sua sponte was improper and must be reversed.

Furthermore, La.Code Civ.P. art. 1672(B) allows a party the right to move for dismissal *after the plaintiff has completed the presentation of his or her evidence*. "The clear wording of La. [Code Civ.P.] art. 1672(B) indicates that the plaintiff must have completed the presentation of his evidence prior to the granting of an involuntary dismissal, and the jurisprudence supports this interpretation." *Taylor v. Tommie's Gaming*, 04-2254, p.5 (La. 5/24/05), 902 So.2d 380, 383. "[B]efore the court may validly entertain the motion for involuntary dismissal, the plaintiff must have presented her *entire* case." *Smith v. Knight*, 39,781, p.9 (La.App. 2 Cir. 6/29/05), 907 So.2d 831, 837. The record before us indicates that

the trial court stopped Mr. Richard's first witness, himself, in the middle of his testimony and summarily ended the case by rendering its decision. Mr. Richard did not get to conclude his own testimony, let alone rest his case or complete the presentation of his evidence. While the trial court's decision may ultimately prove to be correct, granting an involuntary dismissal prior to the close of a plaintiff's evidence is another clear error on the part of the trial court requiring reversal.

For the above reasons, we reverse the trial court's judgment dismissing Mr. Richard's motion and remand the matter for the receipt of further evidence, a decision on proper and complete evidence, and/or upon a proper motion for involuntary dismissal made by a party to the proceedings. Costs of this appeal are hereby assessed against Mrs. Richard.

**REVERSED AND REMANDED.**