# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-464

**MAPLE AVENUE RENTAL PROPERTIES, LLC**

**VERSUS**

**JASON T. SYLVESTER**

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 22-C-11379-A
HONORABLE GREGORY JAMES DOUCET, DISTRICT JUDGE

**********

**GARY J. ORTEGO
JUDGE**

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Gary J. Ortego, Judges.

**REVERSED AND REMANDED.**

**Harry Kent Aguillard**
**Attorney at Law**
**141 South Sixth Street**
**Eunice, LA 70535-0391**
**(337) 457-9331**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
 **Maple Avenue Rental Properties, LLC**

**Jason T. Sylvester**
**In Proper Person**
**530-A South 7th Street**
**Eunice, LA 70535**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Jason T. Sylvester**

**ORTEGO, Judge.**

This case involves Plaintiff's confirmation of a default judgment in an action to revoke or rescind a dation en paiement contract involving application of La.Civ.Code art. 1954. After a hearing, the trial court found that regardless of fraud by Defendant, it did not vitiate Plaintiff's consent to the contract under La.Civ.Code art. 1954 because Plaintiff could have "ascertained the truth without difficulty, inconvenience, or special skill" and had no "relation of confidence" with Defendant. As such, the trial court denied Plaintiff's motion to confirm the default judgment, denied Plaintiff's motion to fix the matter for trial finding no issues currently pending between the parties, deemed the matter final, and assessed costs to Plaintiff.

Plaintiff appeals this judgment. We reverse and remand the matter for adjudication on the merits.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Maple Avenue Rental Properties, LLC (Maple), sold Defendant, Jason Sylvester (Sylvester), immovable property via a credit sale on March 21, 2018. Sylvester is the former nephew-in-law of Mr. August Courville, the owner of Maple. When Sylvester got behind on his payments and defaulted on the credit sale, Maple and Sylvester entered into a dation en paiement (dation) contract on May 20, 2021, wherein Sylvester would return the immovable property to Maple as payment in full under the March 21, 2018 credit sale. At that time, Maple did not obtain any title opinion or mortgage certificate on the immovable property. Rather, Maple relied on the written representations of Sylvester, contained in the dation contract, that Sylvester knew of no adverse claims on the immovable property or any litigation affecting the title to the immovable property. However, when Maple attempted to sell the immovable property, it discovered that there were several encumbrances to

the immovable property, including tax liens and judgments in which Sylvester was the debtor.

On August 5, 2022, Maple filed a petition to rescind the May 20, 2021 dation contract based on Sylvester's fraud vitiating its consent. Sylvester accepted service on September 5, 2022. However, Sylvester failed to make an appearance and did not file any responsive pleadings. On September 27, 2022, Maple moved for a default judgment in the matter, and a hearing to confirm the default was fixed for February 3, 2022.

At the February 3, 2022 hearing, Sylvester again made no appearance. Mr. Courville testified that he and his wife were the owners of Maple and that he was the managing member of Maple. Mr. Courville further testified that Sylvester was his former nephew-in-law, as Sylvester was formerly married to his brother's daughter. According to Mr. Courville, he sold the property to Sylvester, who had been renting the property from Maple for some time, in part because Sylvester was his "nephew." Maple maintained a mortgage on the immovable property pursuant to the March 21, 2018 credit sale.

According to Mr. Courville, when Sylvester defaulted on the note of the credit sale, and rather than foreclosing, on May 20, 2021, Maple and Sylvester entered into a dation contract to simply give back this immovable property. Maple did not obtain a title opinion or mortgage certificate prior to entering into the May 20, 2021 dation. According to Mr. Courville, and as was customary, Maple relied on Sylvester's written representations contained in the dation, that Sylvester knew of no adverse claims on the immovable property or any litigation affecting the title to the immovable property. Mr. Courville testified that later when Maple attempted to sell the immovable property, it discovered several encumbrances on the immovable property, including tax liens and judgments in which Sylvester was the debtor.

After taking the matter under advisement, the trial court issued a judgment on May 26, 2023. The trial court's judgment stated, in part, "IT IS FURTHER ORDERED that the Reasons for Judgment rendered on February 7, 2023, are to be taken as a final decision in this matter."

In the reasons for judgment, the trial court noted the following applicable law: "Consent may be vitiated by error, fraud, or duress." La.Civ.Code art. 1948; "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La.Civ.Code art. 1953; and "Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill. This exception does not apply when a relation of confidence has reasonably induced a party to rely on the other's assertions or representations." La.Civ.Code art. 1954.

Based on the law cited above, the trial court agreed that Maple had been defrauded by Sylvester but found that Maple could have avoided the consequences of the Sylvester's fraud had Maple acted prudently, as he could have found the truth without difficulty. Finally, the trial court found that Maple did not enjoy a relation of confidence with Sylvester and denied confirmation of the default.

As such, the trial court's judgment denied Maple's request to confirm the default judgment, denied Maple's request to fix the matter for trial, stating that nothing was pending between the parties, dismissed Maple's claims, and assessed Maple with costs of the proceedings. Maple appeals this May 26, 2023 judgment asserting five assignments of error.

## ASSIGNMENTS OF ERROR

1. The trial court erred as a matter of law in dismissing the Plaintiff's suit on its own motion.

2. The trial court erred as a matter of law in determining the denial of a motion for confirmation of default was a final judgment.

3. The trial court erred as a matter of law when it considered facts not in the record.

4. The trial court was manifestly erroneous in ruling consent was not vitiated as Plaintiff could have "obtained the truth without difficulty, inconvenience, or special skill" simply by obtaining a mortgage certificate.

5. The trial court erred as a matter of law in not giving consideration to the breach of warranty claim.

## STANDARD OF REVIEW

"In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment." *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818. "This determination is a factual one governed by the manifest error standard of review." *Id*.

However, in this matter, Maple argues the trial court committed reversible errors of law. We agree. "Appellate review of a question of law is simply a decision as to whether the lower court's decision is legally correct or incorrect." *Ducote v. City of Alexandria*, 95-1269, p.2 (La.App. 3 Cir. 7/17/96), 677 So.2d 1118, 1120. If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, the trial court's decision is not entitled to deference by the reviewing court. *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983).

**LAW AND DISCUSSION**

I.      *Assignment of Error Number One – Dismissal by Trial Court*

Maple alleges, in its first assignment of error, that the trial court erred in dismissing the suit on the merits through its own motion.  This assignment requests we review whether it is appropriate for a trial court to dismiss a plaintiff's case, sua sponte, upon finding that plaintiff failed to present a prima facie case under La.Code Civ.P. art. 1702.

Louisiana Code of Civil Procedure Article 1702(A) states:

> If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent if required by this Paragraph, unless such notice is waived. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence.

Louisiana Code of Civil Procedure Article 1672 states:

> A. (1) A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
>
> (2) The court, on its own motion, may dismiss an action without prejudice when all the parties thereto fail to appear on the day set for trial; however, when a case has been dismissed pursuant to this provision and it is claimed that there is a pending settlement, either party may reinstate the suit within sixty days of receipt of the notice of dismissal, and any cause of action which had not prescribed when the case was originally filed shall be fully reinstated as though the case had never been dismissed.
>
> B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

5

C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

In this case, Maple filed suit against Sylvester to rescind the dation contract. Sylvester did not answer or appear. Maple then obtained a preliminary default and attempted to confirm that default judgment. After Maple presented its evidence at the hearing to confirm the default judgment, the trial court took the matter under advisement then denied the confirmation request, denied Maple's motion to fix the matter for trial based on there being no further issues pending, and dismissed the action on its own motion, with costs assessed against Maple.

After reviewing the plain language of La.Code Civ.P. art. 1702, and given the facts and circumstances present in this case, we find no provision that allows a trial court to deny Maple's motion to fix the matter for trial and dismiss the entire action on its own motion. While it was within the purview of the trial court to deny Maple's request to confirm the default judgment, we note that a voluntary dismissal of a suit requires a motion by the plaintiff, while an involuntary dismissal of a suit requires a motion by one of the parties. Clearly, no such motion was made by any party to the trial court.

Additionally, when one or more of the parties are present to request a confirmation of a preliminary default judgment, the trial court is limited to the denial of requested confirmation of the preliminary default judgment when a motion to dismiss the action is not presented to it. See *Gorman v. Miller*, 12-412 (La.App. 1 Cir. 11/13/13), 136 So.3d 834, *writs denied,* 13-2909 (La. 3/21/14), 135 So.3d 620; *Dahan Novelties & Co., LLC. v. Ohio Cas. Ins. Co.*, 10-626 (La.App. 4 Cir.

6

10/20/10), 51 So.3d 129; and *Griffin v. Pecanland Mall Assoc. Ltd.*, 535 So.2d 770 (La.App. 2 Cir.1988).

> Our procedural law confers upon a trial court only very limited authority to dismiss a lawsuit on its own motion. A trial court on its own may notice, for example, peremption or the failure to disclose a cause of action and dismiss the lawsuit. See La. C.C.P. arts. 927 B and 934. Also, when no party appears for trial, the trial court may dismiss an action "on its own motion." La. C.C.P. art. 1672 A(2). But these authorized circumstances do not apply in this case. Except in such circumstances, a trial judge's power to dismiss cannot be exercised on his own motion, but requires the application of a party.

*Dahan Novelties & Co., LLC*, 51 So.3d at 135.

We find the reasoning set forth by our sister courts to be persuasive. The trial court, under the circumstances present in this case, is limited to a determination of whether Maple is entitled to a default judgment only and does not have the power to dismiss Maple's action on its own motion.

Accordingly, we reverse the trial court's denial of Maple's motion to fix the matter for trial, and the trial court's dismissal of Maple's suit on its own motion. Dismissal in this circumstance is not within the power of the trial court.

II.    *Assignments of Error Numbers Two through Five – Findings Beyond Denial of Maple's Requested Confirmation of Default Judgment*

Maple's remaining assignments of error relate to the merits and the trial court's denial of Maple's request to confirm the default judgment rescinding the May 20, 2021 dation contract. Our determination above renders these assignments of error moot.

Having found that the trial court was limited to finding whether Maple was entitled to a default judgment, we further find that the denial of Maple's request to confirm the default is not appealable. This court in *R & R Steel Erectors v. Watson*, 01-1322, p. 2 (La.App. 3 Cir. 3/6/02), 809 So.2d 1228, 1230, stated: "[T]he refusal to confirm a default judgment is not by itself a final judgment because the plaintiff's

claims are not rejected. *Band v. First BankCard Center*, 94-3062 (La.2/9/95); 650 So.2d 738. Therefore, it is not appealable. *Deville v. Carmouche*, 450 So.2d 24 (La.App. 3 Cir.1984)."

Given the above, we find that the trial court's designation of the matter as final, along with all other deliberations beyond that which were proper, are moot.

## DECREE

Maple Avenue Rental Properties, LLC raises five assignments of error. We find merit to the first assignment of error that the trial court improperly dismissed this suit. Our finding renders the four remaining assignments of error moot. Accordingly, we reverse the judgment of the trial court, and remand the matter for full adjudication on the merits consistent with this opinion. Costs of these proceedings are assessed to Maple Avenue Rental Properties, LLC.

**REVERSED AND REMANDED.**